NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0621n.06

No. 12-5911

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jul 02, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| KAWAIN D. WOODS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: ROGERS, WHITE, and ALARCON[*], Circuit Judges.

ROGERS, Circuit Judge.

Kawain Woods appeals his 151-month sentence following a guilty plea to bank robbery and aiding and abetting in violation of 18 U.S.C. § 2113(a). He alleges that his sentence is substantively and procedurally unreasonable due to the sentencing court's failure to consider that his sentence is overly harsh in light of the sentences received by his codefendants. Because Woods was sentenced as a career offender, and because the court considered the impact of this factor as well as the resulting disparity in sentences, Woods's arguments fail.

In March 2011, Woods went into a bank in Louisville, Kentucky, where he jumped over the counter and demanded money from three tellers, informing them that no one would be hurt if they gave him the money. When his getaway driver, Terry Byrd, honked the horn, Woods jumped back

---

[*]The Honorable Arthur L. Alarcon, Senior Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

over the counter, exited the bank, and fled with the driver to a second location, where the two men ditched their car and continued their escape in another vehicle driven by Siddeeq Abdul-Jalil.

All three men were eventually caught, and Woods was indicted by a grand jury on one count of robbing the bank in violation of 18 U.S.C. § 2113(a). Although the two other men pleaded guilty pursuant to plea agreements with the prosecution, Woods entered his plea without first striking such a deal.

Woods's Presentence Report (PSR) calculated an offense level of 29, which took into account Woods's extensive and violent criminal history and classified him as a career offender. R.91, at 3, PageID #391. His criminal history category was VI as a result of his career-offender status. R.91, at 6, PageID #394. Woods's offense level and criminal history resulted in a sentencing guideline range of 151 to 188 months. R.91, at 8, PageID #396.

At sentencing, Woods conceded that career-offender status was appropriate in his case, but asked the court for a downward variance from the guidelines range, noting that Byrd had been given a 57-month sentence. R.78, at 4–6, PageID #320–22. The Government noted that Byrd was not a career offender. R.78, at 7, PageID #323. The district court inquired as to whether the second driver, Abdul-Jalil, who had not yet been sentenced, and who had prior sentences, was a career offender. When the Government answered that he was not, the district court decided to continue Woods's sentencing to occur on the same day as Abdul-Jalil's because it wanted to be able to consider all of the facts and circumstances before sentencing Woods. R.78, at 7–9, PageID #323–25.

The court noted that the disparity between the potential sentences of Woods and Abdul-Jalil gave it "some pause." R.78, at 9, PageID #325.

On the new sentencing date, Woods renewed his disparity argument, and the district court responded to this discussion, noting that Woods actually robbed the bank, whereas Byrd and Abdul-Jalil served only as getaway drivers. R.95, at 2–4, PageID #432–34. In its questioning of the Government, the court said:

> I'm having—and I think—I don't know if I could say that Mr. Woods ought to get 57 months because of these—his criminal history is worse. I'm having a hard time going from 57 months for Mr. Jalil to 151 to 188 months here with Mr. Woods.
>
> That's a big difference in their sentences for a similar act, although Mr. Woods' criminal history, I understand, is different. Mr. Jalil's wasn't the same either. So that's kind of where I am.

R.95, at 5–6, PageID #435–36. The Government then contrasted Abdul-Jalil's record, which primarily consisted of assisting with four robberies in one day—and without a weapon—with Woods's record, which involved a pattern of violent, armed crime, which resulted in the shooting death of one victim and the stabbing of another. R.95, at 6–8, PageID #436–38. After further discussion and Woods's allocution, the court took a recess to consider the sentence. R.95, at 8–12, PageID #438–42.

When the court returned and delivered the sentence, it noted its consideration of the sentencing Guidelines and 18 U.S.C. § 3553(a). R.95, at 12, PageID #442. The court then stated that Woods qualified "substantially" as a career offender, and it noted that even after serving a lengthy prison sentence for violent crimes, Woods committed the bank robbery just two months after

his release. R.95, at 12, PageID #442. The court then sentenced Woods at the bottom of the guideline range, to 151 months' imprisonment. R.95, at 13, PageID #443. Neither the Government nor the defense responded affirmatively to the court's question whether there were any objections to the sentence. R.95, at 14, PageID #444.

Woods timely appealed his sentence, arguing that the 151-month sentence is unreasonable because the district court failed to consider the discrepancy between that sentence and Abdul-Jalil's 57-month sentence.

In a challenge to the adequacy of a sentencing court's explanation of a sentence, plain error review is appropriate in the absence of an objection in response to the *Bostic* question. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). The district court did not err in its consideration of the factors affecting Woods's sentence, nor is the sentence itself unreasonable. The court thoroughly considered Woods's arguments and, while at times sympathetic to those arguments, ultimately determined that his status as a career offender warranted a 151-month, within-Guidelines sentence. The court's serious consideration of Woods's disparity argument is clearly indicated in its decision to move his sentencing to a later date, when his codefendant would also be sentenced. On the date that Woods was actually sentenced, the disparity argument drove the discussion up to the point that the court recessed for further consideration. That the court did not verbally revisit the disparity issue when it returned to deliver the sentence does not, as Woods suggests, constitute a failure to consider this factor.

In a case where "a defendant raises a particular[, nonfrivolous] argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *United States v. Wallace*, 597 F.3d 794, 803 (6th Cir. 2010) (quoting *United States v. Gapinksi*, 561 F.3d 467, 474 (6th Cir. 2009)). The considerable discussion of the disparity in sentences between codefendants, along with the acknowledgment of the factors contributing to the disparity, such as Woods's lengthy and violent criminal history, provides this court with ample evidence of the reasoned basis upon which the sentencing court made his decision. Woods offers no support for his assertion that the district court's consideration of the disparity argument must have been described or acknowledged in the same part of the hearing in which the sentence was delivered.

Nor is there any substantive unreasonableness in the length of Woods's sentence, which was within—and indeed at the bottom of—the Guidelines range. A sentence is substantively unreasonable "when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor," *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006) (internal quotation marks and alterations removed), but within-Guidelines sentences enjoy a presumption of reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007); *Vonner*, 516 F.3d at 389. Woods offers nothing to rebut this presumption.

Woods concedes that his disparity argument does not implicate § 3553(a)(6)'s concern with "unwarranted sentencing disparities among defendants with similar records," correctly noting that

this requirement addresses only national disparities. Appellant's Br. at 14; *see also Wallace*, 597 F.3d at 803. Instead, his only challenge to the substantive reasonableness of his sentence appears to rest on § 3553(a)(2), which instructs the sentencing court to impose a sentence that is sufficient, but not greater than necessary to achieve the objectives of (1) just punishment in light of the seriousness of the offense, (2) general and specific deterrence, (3) incapacitation for the protection of the public, and (4) needed rehabilitation and treatment. *See* 18 U.S.C. § 3553(a)(2). Woods fails to articulate how the district court abused its discretion in this respect, except to fold this substantive reasonableness challenge into his asserted complaints about the procedural adequacy of the court's consideration of the disparity between his and Abdul-Jalil's sentences. Prior to delivering the sentence, the district court discussed the issues relating to the disparity, and concurrent with the delivery of the sentence it discussed its concern with Woods's weighty criminal history and specifically noted its belief that the sentence "is appropriate in this case but not greater than necessary to comply with the purposes set forth in Section 3553(a)(2)." R.95, at 14, PageID #444. This satisfies the district court's duty under *Rita v. United States*, 551 U.S. 338, 356 (2007), to "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision-making authority." The court did not abuse its discretion. *See Gall*, 552 U.S. at 51–52.

Because the district court's sentence was both procedurally and substantively reasonable, we affirm the judgment of the district court.