NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0358n.06

Case No. 15-3695

**FILED**
Jun 29, 2016
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED STATES |
| | ) | DISTRICT COURT FOR THE SOUTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| BERRYON F. MOORE, III, | ) | |
| | ) | OPINION |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |

**BEFORE: BOGGS, CLAY, and GILMAN, Circuit Judges.**

**RONALD LEE GILMAN, Circuit Judge.** In December 2013, Berryon F. Moore, III was indicted on multiple federal charges related to the distribution of heroin. He was released on bond. Moore was subsequently charged in a criminal complaint with additional federal drug offenses that he committed while on pretrial release in the first case. To resolve both cases, Moore pleaded guilty to Count One (conspiracy to possess heroin with the intent to distribute the drug) in the first case and also admitted that he had committed additional heroin-distribution offenses while on pretrial release.

At sentencing, Moore advanced a sentencing-disparities argument in support of his request for a term of imprisonment below his Sentencing Guidelines range. The district court in fact sentenced Moore to a below-Guidelines term of imprisonment, but failed to specifically

acknowledge Moore's sentencing-disparities argument.  During the sentencing hearing, the court divided Moore's sentence into two separate, consecutive terms of imprisonment:  one for Count One and the other for committing an offense while on pretrial release.

Moore now appeals, claiming that the district court erred by (1) imposing a sentence for committing an offense while on pretrial release, and (2) not acknowledging Moore's argument concerning sentencing disparities.  For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I.  BACKGROUND

### A.    Indictment and guilty plea

Between 2010 and 2013, Moore participated in a scheme to distribute heroin in Steubenville, Ohio.  An investigation by the FBI into this conduct resulted in Moore's arrest in December 2013.  That same month, Moore was indicted on two federal counts related to heroin distribution.  Moore was then released on bond pending trial.  A second superseding indictment was filed in October 2014, charging Moore with five counts related to heroin and cocaine distribution.  The conduct charged in this indictment, as in the original indictment, allegedly occurred between 2010 and 2013.

In December 2014, Moore was arrested again because he continued to sell heroin while he was on pretrial release.  A federal criminal complaint was subsequently filed in a new case charging Moore with offenses related to his 2014 conduct.

In January 2015, Moore entered into a plea agreement with the government to resolve both cases.  Under the agreement, Moore agreed to plead guilty to Count One of the second superseding indictment in the first case—which charged him with conspiracy to possess heroin with the intent to distribute the drug, in violation of 21 U.S.C. §§ 841(a), (b)(1)(C) and 846—in

exchange for the government's promise to dismiss (1) the remaining counts of the indictment, and (2) the criminal complaint in the second case. Moore acknowledged that he faced a maximum term of imprisonment of 20 years on Count One, and that he was also subject to an additional term of imprisonment of up to 10 years under 18 U.S.C. § 3147 because he had committed a separate felony offense while on pretrial release. Moreover, Moore "agree[d] that because [he] committed the offense of conspiring to possess with intent to distribute heroin while on release in this case, pursuant to the statutory sentencing enhancement under 18 [] U.S.C. [§] 3147, pursuant to U.S.S.G. § 3C1.3 the offense level will be increased by 3 levels."

A magistrate judge conducted a change-of-plea hearing in January 2015, during which Moore pleaded guilty to Count One pursuant to the plea agreement. The government read the above-noted terms of the agreement into the record during the hearing, and Moore confirmed the accuracy of those terms. At the hearing, Moore further admitted "that while on pretrial release . . . , he committed the offense of conspiring to possess with intent to distribute heroin." The district court subsequently accepted Moore's guilty plea.

**B.      Sentencing**

After the change of plea, the United States Probation Office issued a Presentence Report (PSR) that calculated Moore's Guidelines range as 135 to 168 months of imprisonment. Moore subsequently submitted a sentencing memorandum in which he raised various arguments in favor of an unspecified, below-Guidelines sentence. One of those arguments concerned the need to avoid sentencing disparities between Moore and his codefendants, and between Moore and heroin offenders nationally. The government's initial sentencing memorandum recommended a term of imprisonment of 135 months—the bottom of the applicable Guidelines range. After defense counsel asserted that this recommendation was at odds with their plea negotiations,

however, the government submitted an addendum recommending a below-Guidelines sentence of 105 months of imprisonment.

The district court subsequently held a sentencing hearing in June 2015. Neither Moore nor his defense counsel raised any objections during the hearing to anything in the PSR. After adopting the factual findings in the PSR, the court acknowledged Moore's written request for a below-Guidelines sentence. The court also recognized the government's written request for a sentence of 105 months of imprisonment.

Moore's defense counsel then orally advocated for a sentence less than 105 months of imprisonment, making several arguments in support of that request. One of those arguments was specifically premised on the need to avoid sentencing disparities. Moore's counsel particularly noted that the average variance below the Guidelines range for heroin sentences nationwide is 24 months.

After Moore made a brief statement, the district court stated that it "will keep these arguments, on both sides, in its mind as it goes through this." Following a discussion between the court and counsel concerning one of the sentencing enhancements, the court sentenced Moore to "a term [of imprisonment] of 90 months on Count 1, followed by 15 months for defendant's pretrial release violation pursuant to 18 United States Code, Section 3147, for a total of 105 months." This total term of imprisonment is 30 months below the bottom of Moore's Guidelines range.

When it listed a series of mitigating factors, the district court did not include any reference to Moore's argument regarding sentencing disparities. The court did reiterate, however, that it had "consider[ed] the parties' recommendations." Before concluding the hearing, the court asked the parties if they had "any objection to the sentence just pronounced

that have not been previously raised." Both the government's counsel and Moore's counsel said that they did not. Despite styling its oral sentence as two separate terms of imprisonment, the subsequently issued judgment details only one term of 105 months of imprisonment for Count One. This timely appeal followed.

## II. ANALYSIS

### A. Standard of review

"Sentences in criminal cases are reviewed for both procedural and substantive reasonableness." *United States v. Morgan*, 687 F.3d 688, 693 (6th Cir. 2012). When reviewing a sentence for procedural reasonableness, "[w]e must ensure that the district court (1) properly calculated the applicable advisory Guidelines range; (2) considered the § 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the chosen sentence, including any rejection of the parties' arguments for an outside-Guidelines sentence and any decision to deviate from the advisory Guidelines range." *United States v. Petrus*, 588 F.3d 347, 351–52 (6th Cir. 2009). "The sentence may be substantively unreasonable if the district court chooses the sentence arbitrarily, grounds the sentence on impermissible factors, or unreasonably weighs a pertinent factor." *United States v. Brooks*, 628 F.3d 791, 796 (6th Cir. 2011).

We generally apply the abuse-of-discretion standard when reviewing sentences for substantive and procedural reasonableness. *United States v. Bass*, 785 F.3d 1043, 1050 (6th Cir. 2015) (citing *Gall v. United States*, 552 U.S. 38, 41 (2007)). But when a defendant fails to "object to the sentence upon inquiry from the district court," we review the procedural reasonableness of the sentence under the plain-error standard. *United States v. Solano-Rosales*, 781 F.3d 345, 351 (6th Cir. 2015); *see also* Fed. R. Crim. P. 52(b). To prevail under this latter

standard, "a defendant must show (1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights[,] and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010).

**B.       Moore's challenges to his sentence**

Moore raises two arguments challenging the reasonableness of his sentence. We analyze each in turn.

### 1.  Moore's 18 U.S.C. § 3147 argument

Moore first contends that the district court erred in sentencing him to 15 months of imprisonment based on 18 U.S.C. § 3147. Under that section, "[a] person convicted of an offense committed while released . . . shall be sentenced, in addition to the sentence prescribed for the offense[,] to . . . a term of imprisonment of not more than ten years if the offense is a felony." 18 U.S.C. § 3147. Moore asserts that § 3147 should not apply to his case because the only offense that he pleaded guilty to was Count One of the superseding indictment in his first case, which refers to conduct predating his pretrial release in December 2013. By this logic, Moore was never "convicted of an offense committed while released," but only of an offense committed prior to his pretrial release. *Id.*

The parties dispute whether Moore's claim is appropriately characterized as a procedural or a substantive challenge. Appropriate categorization might alter the applicable standard of review. We need not decide this controversy, however, because Moore has waived his challenge to the application of 18 U.S.C. § 3147.

Caselaw recognizes a distinction between waiver and forfeiture. *See United States v. Olano*, 507 U.S. 725, 733 (1993). "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *Id.* (citation and internal quotation marks omitted). Challenges asserting rights that have been

waived "are not reviewable." *United States v. Aparco-Centeno*, 280 F.3d 1084, 1088 (6th Cir. 2002).

In his plea agreement, Moore acknowledged that he was subject to an additional term of imprisonment of up to 10 years under 18 U.S.C. § 3147 because he had committed a separate felony offense while on pretrial release. He also agreed that, because he had committed the offense of conspiring to possess heroin with the intent to distribute the drug while on pretrial release in this case, he was subject to the statutory sentencing enhancement under 18 U.S.C. § 3147. Moore reiterated these positions during his change-of-plea hearing. His repeated stipulations in the plea agreement and during the change-of-plea hearing to the applicability of § 3147 demonstrate that Moore has intentionally relinquished his claim regarding § 3147's propriety. *See United States v. Mabee*, 765 F.3d 666, 671 (6th Cir. 2014) (concluding that, "where the defendant has 'explicitly agreed' that a particular guideline calculation or enhancement applies to his sentence, any challenge to that enhancement on appeal is waived" (citation omitted)).

Moore's only rebuttal against waiver is that "[t]he 15 month portion of the sentence cannot be validly based on [18 U.S.C. § 3147] regardless of what counsel thought. Such agreement, which is contrary to law, is an illegal provision of the overall plea agreement (or contract) and this provision is void *ab initio*." Essentially, Moore asserts that this claim—unlike a host of others—is incapable of being waived. Tellingly, however, Moore fails to cite any authority to support this contention. We can discern no reason why this claim should be barred from waiver when fundamental rights like a defendant's right to a jury trial can be waived. *See Olano*, 507 U.S. at 733 (noting that a "defendant who enters a valid guilty plea waives" his right to trial). Because Moore's argument against the waiver of his § 3147 claim is unpersuasive, we

decline to address the merits of this claim. *See United States v. Malone*, No. 15-3765, 2016 WL 1696871, at *3 (6th Cir. Apr. 27, 2016) ("We will not review an issue on appeal that has been waived.").

### 2. Any error committed by the district court in not explaining its rejection of Moore's sentencing-disparities argument did not affect his substantial rights

Moore also asserts that the district court erred by not addressing the sentencing-disparities argument that he raised in support of a lower sentence. "It is well established that, as part of its sentencing procedure, a court must consider all non-frivolous arguments in support of a lower sentence. However, our cases are less than clear as to what must be the product of that consideration in order to allow for meaningful appellate review of the court's reasoning." *United States v. Gunter*, 620 F.3d 642, 645–46 (6th Cir. 2010) (internal citation omitted).

On the one hand, this court has held that "[w]hen a defendant raises a particular, nonfrivolous argument in seeking a lower sentence, the record must reflect both that the district court considered the defendant's argument and that the judge explained the basis for rejecting it." *United States v. Wallace*, 597 F.3d 794, 803 (6th Cir. 2010) (quoting *United States v. Gapinski*, 561 F.3d 467, 474 (6th Cir. 2009)) (brackets omitted). This language could be interpreted to require the district courts to explicitly explain their reasons for rejecting each of the defendant's nonfrivolous arguments.

On the other hand, this court has "held that a district court's failure to address each argument of the defendant head-on will not lead to automatic vacatur if the context and the record make the court's reasoning clear." *United States v. Petrus*, 588 F.3d 347, 352 (6th Cir. 2009) (brackets, citation, and internal quotation marks omitted); *see also United States v. Taylor*, 696 F.3d 628, 634 (6th Cir. 2012) (noting the same principle); *Gunter*, 620 F.3d at 646 (rejecting a formulaic approach in which the district "court must respond to mitigation arguments point-by-

point, *a la* 'You have argued A; I am not persuaded because B. You have argued X; I am not persuaded because Y,'" and concluding that "[w]e are to focus less on what the transcript reveals that the court said and more on what the transcript reveals that the court did"). These two strands of pronouncements are hardly the model of clarity.

The (perhaps too subtle) distinction between these statements appears to have generated some confusion—or at the very least imprecision—in our caselaw about what exactly, at a minimum, a district court is required to do. *Compare United States v. Lytle*, 565 F. App'x 386, 391 (6th Cir. 2014) ("A district court is required to consider a defendant's non-frivolous argument that seeks a lower sentence." (citing *Wallace*, 597 F.3d at 803)), *with United States v. Woods*, 529 F. App'x 614, 617 (6th Cir. 2013) ("In a case where 'a defendant raises a particular[, nonfrivolous] argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it.'" (quoting *Wallace*, 597 F.3d at 803) (brackets in original)); s*ee also Petrus*, 588 F.3d at 359 (Gilman, J., dissenting) (noting that the caselaw in this area exhibits a "contradiction between the articulation of the law and its actual application [that] fails both to provide meaningful guidance to the district courts and to give notice to criminal defendants of their rights at sentencing").

In an attempt to synthesize these pronouncements, we offer the following interpretation of this somewhat murky caselaw. To avoid having a sentence vacated based on procedural unreasonableness, the record must reflect both (1) that the district court considered a defendant's nonfrivolous argument for a particular sentence, and (2) why that argument was rejected. *See Wallace*, 597 F.3d at 803; *Petrus*, 588 F.3d at 352. The court's consideration of the argument and its reasons for rejecting the same need not, however, always be explicit or specific; the

record might be sufficient for us to extract this information implicitly and contextually. *See Taylor*, 696 F.3d at 635 (noting that, although "[t]he district judge would have done well to expressly mention why" the defendant's argument for a below-Guidelines sentence lacked merit, the record explained the rejection "by implication"); *United States v. Chiolo*, 643 F.3d 177, 184 (6th Cir. 2011) (distinguishing *Wallace* and affirming an above-Guidelines sentence because "[t]he sentencing rationale . . . implicitly responds to the nature of [the defendant's] non-frivolous arguments, and this is determinable from the hearing transcript"); *Petrus*, 588 F.3d at 352 (noting that "the context and the record" can "make the court's reasoning clear").

If this standard seems nebulous, the fault lies with the constellation of our prior published opinions, which we are bound to follow until they are overruled. *See Sierra Club v. Korleski*, 681 F.3d 342, 354 (6th Cir. 2012) ("Sixth Circuit Rule 206(c) is unequivocal: Reported panel opinions are binding on subsequent panels. Thus, no subsequent panel overrules a published opinion of a previous panel." (citation omitted)). An en banc panel of this court, unencumbered by our discordant precedents, would be the best (and perhaps only) vehicle to definitively resolve any lingering confusion and provide more clarity to the district courts and criminal defendants. For the time being, we again "caution . . . that whenever a district court requires us to infer its bases for rejecting arguments, the district court greatly increases the risk of remand. The better practice is to give explicit reasons for rejecting all non-frivolous arguments." *Chiolo*, 643 F.3d at 185.

We now turn to the application of the above-described framework to the present case. As an initial matter, we note that the government does not contend that Moore's argument was frivolous. But because neither Moore nor his counsel objected when given an opportunity to do

so after the sentence was imposed, we review this procedural-reasonableness claim under the plain-error standard. *See United States v. Solano-Rosales*, 781 F.3d 345, 351 (6th Cir. 2015).

The first question is whether the record demonstrates that the district court considered Moore's sentencing-disparities argument. One indication that it did so is that, shortly after Moore's counsel advanced the argument, the court noted that it "will keep these arguments, on both sides, in its mind as it goes through this." The court also stated, after imposing Moore's sentence, that it had "consider[ed] the parties' recommendations." Most importantly, the court sentenced Moore to a total term of imprisonment that was 30 months below his Guidelines range. This goes a long way toward demonstrating that the court considered Moore's argument, which included the assertion that the national average downward variance from the Guidelines range for a heroin offender was 24 months. The fact that the court varied by an amount greater than this average, when combined with the court's two statements noted above, reasonably establishes that it considered Moore's sentencing-disparities argument, despite his request for a sentence even lower than what the court ultimately imposed.

But whether the record demonstrates (even implicitly) why the district court rejected Moore's sentencing-disparities argument for a sentence below 105 months is a closer question. Even if we were to agree with Moore on this point, however, he has not carried his burden of demonstrating that this supposed error affected his substantial rights. *See Solano-Rosales*, 781 F.3d at 351. A sentencing error affects a defendant's substantial rights when "there is a reasonable probability that the defendant's sentence would be different absent the error." *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1341–42, 1349 (2016) (concluding that "a reasonable probability that the district court would have imposed a different sentence . . . is all

that is needed to establish an effect on substantial rights for purposes of obtaining relief under Rule 52(b)").

In the present case, Moore's sentencing-disparities argument included the contention that the average variance for heroin offenders was 24 months below the Guidelines range. The district court went even further in deciding to sentence him to a term of imprisonment 30 months below his Guidelines range. On these facts, we conclude that there is no reasonable probability that Moore's sentence would have been lower even if the court's alleged error had not occurred.

Moore counters that *United States v. Wallace*, 597 F.3d 794 (6th Cir. 2010), supports his argument that the district court's failure to explain why it rejected his argument was plain error. But *Wallace* is distinguishable. In *Wallace*, this court applied the plain-error standard and vacated a defendant's within-Guidelines sentence on account of the district court's failure to acknowledge the defendant's main argument in support of a below-Guidelines sentence. *See* 597 F.3d at 806–08. *Wallace*'s holding, however, was limited to within-Guidelines sentences. *See id.* at 807 (concluding, in the context of a within-Guidelines sentence, that the district court's error affected the defendant's substantial "right to meaningful appellate review"). This court subsequently confirmed as much. *See United States v. Pritchard*, 392 F. App'x 433, 439 (6th Cir. 2010) ("This Court in *Wallace* extended the analysis of *United States v. Blackie*, 548 F.3d 395 (6th Cir. 2008), which held that failure to explain how a Defendant's nonfrivolous argument for a lower sentence was taken into account in imposing an above-guidelines sentence [affected a substantial right], to cover within-guidelines sentences as well.").

Accordingly, in the context of the below-Guidelines sentence confronting us today, we are not bound by *Wallace*'s conclusion that the failure of a district court to explain why it rejected a defendant's nonfrivolous argument for a lower sentence necessarily affects a

defendant's substantial rights. Moore has failed to convince us otherwise. He has not cited (nor are we aware of) any case in which a defendant received a below-Guidelines sentence and, after applying the plain-error standard, this court subsequently vacated the sentence on the ground that the district court failed to adequately explain why it rejected the defendant's nonfrivolous argument for a lower sentence. We therefore conclude that Moore's sentencing-disparities claim crumbles under the weight of the plain-error standard of review. *See Molina-Martinez*, 136 S. Ct. at 1341–42; *Solano-Rosales*, 781 F.3d at 351.

### III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.