**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0177n.06

No. 16-5448

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Mar 22, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| PAUL SINH TRAN, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: GIBBONS, COOK, and KETHLEDGE, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Paul Sinh Tran was sentenced to 27 months' imprisonment after pleading guilty to tax fraud and to structuring currency transactions. Tran appeals the imposition of a two-point enhancement under Section 2S1.3(b)(1) of the United States Sentencing Guidelines (the Guidelines). That enhancement applies if Tran knew or believed that the funds from his structured transactions were the proceeds of unlawful activity or if he intended that the transactions promote unlawful activity. Given his concessions before the district court, Tran has waived this claim. Even on the merits, however, the district court did not plainly err in applying the enhancement because Tran conceded that his structured transactions were intended to promote illegal activity—namely, filing false tax returns. Accordingly, we affirm the sentence imposed by the district court.

I.

In July 2015, Paul Sinh Tran was indicted by a federal grand jury in the Eastern District of Kentucky. Tran was charged with three counts of willfully aiding and assisting in the

preparation of materially false tax returns that understated his income for the 2009 (Count 1), 2010 (Count 2), and 2011 (Count 3) tax years, in violation of 26 U.S.C. § 7206(2). Tran was also charged with structuring more than $100,000 in currency transactions during a twelve-month period in order to evade federal reporting requirements while violating another law or as part of a pattern of illegal activity, in violation of 31 U.S.C. § 5324(a)(3).

In January 2015, Tran entered into a plea agreement with the United States. In exchange for his agreement to plead guilty to Count 2, the 2010 tax-fraud charge, and Count 4, the currency-structuring charge, the government agreed to dismiss Counts 1 and 3 at sentencing. The parties stipulated that the government could prove facts sufficient to establish the essential elements of both Count 2 and Count 4.

The facts established that Tran, a licensed chiropractor, owned and operated Champion Family Chiropractic (CFC) in Kentucky. CFC received a portion of its income directly from insurance companies. These payments included a Form 1099 to ensure that there was a record of the payment for the IRS. CFC, however, also received payments directly from patients. These payments were made by cash, personal check, or through an insurer's check to the patient that was then signed over to CFC.

Tran used a tax preparer to complete and file his federal tax returns and to account for his income from CFC. Instead of reporting all of his income, however, he provided the tax preparer with only the 1099 forms that CFC received when it was reimbursed directly by an insurance company. Tran did not provide personal or business bank statements, which would have reflected additional income. In total, by so limiting what he disclosed to his tax preparer, Tran failed to report $44,820 of income in 2009, $26,680 in 2010, and $30,060 in 2011. This resulted in an outstanding tax liability of $36,575.70 to the IRS.

At the same time, Tran was withdrawing and depositing cash at various financial institutions to support his gambling habit. He kept his transactions just below $10,000 to keep from triggering the institutions' obligations under the Bank Secrecy Act to file a Currency Transaction Report with the federal government. In total, Tran made $196,190.71 in structured transactions, over $100,000 of which occurred during 2010 while he was assisting in the preparation of false tax returns.

In the plea agreement, Tran and the government also agreed to non-binding calculations under the November 2015 Sentencing Guidelines pursuant to Fed. R. Crim. P. 11(c)(1)(B). The agreement contemplated a base offense level of 16 with a two-point enhancement under § 2S1.3(b)(1) because Tran knew or believed that the funds were proceeds of unlawful activity or intended to promote unlawful activity and a two-point enhancement under § 2S1.3(b)(2) because the currency transactions were committed as part of a pattern of unlawful activity involving more than $100,000 in a twelve-month period. The calculation also included a two-point reduction for acceptance of responsibility and a one-point reduction for Tran's timely notice of intent to plead guilty. This resulted in a total offense level of 17. Tran and the government did not reach an agreement as to Tran's criminal-history designation. The parties, however, did agree that the IRS was entitled to $36,575.70 in restitution and that Tran must forfeit $108,600 for the structured transactions.

Tran waived his right to appeal his guilty plea and conviction as well as his right to collaterally attack his plea, conviction, or sentence on any ground other than ineffective assistance of counsel. Tran did not waive his right to appeal his sentence.

On January 4, 2016, the district court accepted the plea agreement as well as Tran's guilty plea. In advance of sentencing, the United States Probation Office issued a Pre-Sentence

Report (PSR). The PSR concluded that Tran's total offense level was 17, which included the two-point enhancement under § 2S1.3(b)(1). The PSR also noted that Tran's criminal-history category was III, resulting in a guideline range of 27–33 months' imprisonment. There were no objections to the PSR. Tran, however, filed a sentencing memorandum arguing that, given the 18 U.S.C. § 3553(a) factors, he should receive a sentence at the low-end of the guideline range.

The district court held a sentencing hearing on April 4, 2016. After confirming that there were no objections to the PSR, the district court reviewed the sentencing calculations, including the § 2S1.3(b)(1) enhancement. When asked, counsel for Tran and for the government agreed with the district court's calculation of a total offense level of 17 and a Guidelines range of 27–33 months. The district court then sentenced Tran to 27 months' imprisonment on Count 2 and 27 months' imprisonment on Count 4, to be served concurrently. Tran was also sentenced to 3 years' supervised release. The court ordered restitution and forfeiture in line with the plea agreement and granted the government's motion to dismiss Counts 1 and 3. After the district court entered judgment on April 6, 2016, Tran filed a timely notice of appeal challenging his sentence.

## II.

The government asks that we dismiss Tran's appeal because he has waived his ability to challenge the § 2S1.3(b)(1) enhancement. Although Tran concedes that he failed to object to the sentencing enhancement before the district court, he argues that his actions do not constitute a waiver of this claim.

"[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)); *United States v. Priddy*, 808 F.3d 676, 681 (6th Cir. 2015). "A defendant's failure to

object to a sentencing error, or even his acknowledgment that he has no objection, does not amount to a waiver of that error." *United States v. Mabee*, 765 F.3d 666, 671 (6th Cir. 2014); *see also United States v. Fowler*, 819 F.3d 298, 306 (6th Cir. 2016). "However, where the defendant has 'explicitly agreed' that a particular guideline calculation or enhancement applies to his sentence, any challenge to that enhancement on appeal is waived." *Priddy*, 808 F.3d at 681 (citing *United States v. Aparco-Centeno*, 280 F.3d 1084, 1088 (6th Cir. 2002)); *Mabee*, 765 F.3d at 671. We have said that an explicit agreement occurs when a defendant expresses a "plain, positive concurrence" or a "plain, explicit concession on the record" with respect to the application of the enhancement. *Mabee*, 765 F.3d at 672–73; *see also Priddy*, 808 F.3d at 681; *Fowler*, 819 F.3d at 306. "After agreeing, the defendant cannot make the opposite argument on appeal; the argument is waived and [we do] not review it." *Priddy*, 808 F.3d at 681.

We have held that a defendant waived his right to challenge a calculation or enhancement under the Guidelines because he had "explicitly agreed" to its applicability on four different occassions. *See Aparco-Centeno*, 280 F.3d at 1086 (finding that a defendant's admission in his sentencing memorandum that his prior convictions qualified as aggravated felonies precluded him from challenging such a designation on appeal); *Priddy*, 808 F.3d at 682 (relying on *Aparco-Centeno* to hold that a defendant waived his ability to challenge his designation as an Armed Career Criminal when his sentencing memorandum and his lawyer's statements in court reiterated that the designation applied); *United States v. McBride*, 826 F.3d 293, 295 (6th Cir. 2016) (holding that statements in a defendant's plea agreement, sentencing memorandum, and during his sentencing hearing, which reflected his agreement with his career-offender designation, constituted waiver of a challenge to that designation on appeal); *United States v. Moore*, 654 F. App'x 705, 709 (6th Cir. 2016) (finding explicit agreement to a statutory

enhancement because a defendant had acknowledged he was subject to the enhancement in his plea agreement and during his change-of-plea hearing).

In this case, Tran explicitly agreed to the applicability of § 2S1.3(b)(1) in his plea agreement. At his rearraignment, Tran told the court that he had reviewed the agreement with counsel, understood its terms, and was entering the agreement voluntarily. After the government summarized the agreement—specifically stating: "In paragraph 7, the parties set out the recommended sentencing guideline calculations, and the paragraph permits that the parties may object to or argue in favor of other calculations"—both Tran and his attorney agreed that this accurately reflected the terms of the parties' agreement. When Tran returned for his sentencing hearing, the district court reviewed Tran's base offense level, criminal history, and sentencing enhancements, including an explicit reference to § 2S1.3(b)(1)'s applicability. When asked, Tran's attorney agreed that the Guidelines were accurately calculated.

Tran's situation is thus sufficiently similar to *McBride* and *Moore*—where the defendants conceded the applicability of sentencing provisions in their plea agreements and in open court—for these cases to control the outcome here. *See McBride*, 826 F.3d at 295; *Moore*, 654 F. App'x at 709. Accordingly, we conclude that Tran explicitly agreed to the applicability of § 2S1.3(b)(1) and waived his ability to challenge it on appeal.

### III.

For the foregoing reasons, we affirm the sentence imposed by the district court.