RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0227p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

FRANK RICHARDSON,

*Defendant-Appellant*.

> Nos. 17-2157/2183

───────────────

Appeal from the United States District Court
for the Eastern District of Michigan at Ann Arbor.
No. 2:10-cr-20397-2—John Corbett O'Meara, District Judge.

Argued: August 1, 2018

Decided and Filed: October 11, 2018

Before: COOK, STRANCH, and NALBANDIAN, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:** Michael R. Dezsi, LAW OFFICE OF MICHAEL R. DEZSI, PLLC, Detroit, Michigan, for Appellant. Shane Cralle, UNITED STATES ATTORNEYS OFFICE, Detroit, Michigan, for Appellee. **ON BRIEF:** Michael R. Dezsi, LAW OFFICE OF MICHAEL R. DEZSI, PLLC, Detroit, Michigan, for Appellant. Shane Cralle, UNITED STATES ATTORNEYS OFFICE, Detroit, Michigan, for Appellee.

───────────────

## OPINION

───────────────

NALBANDIAN, Circuit Judge. On his second appeal to this court, Defendant-Appellant Frank Richardson asks us to overturn his conviction under 18 U.S.C. § 924(c) for aiding and

abetting the use of a firearm during a crime of violence.  On his first appeal, we affirmed his conviction and sentence in full.  But while that appeal was pending, the Supreme Court decided *Johnson v. United States*, which held that part of the Armed Career Criminal Act's definition of a violent felony was unconstitutionally vague.  135 S. Ct. 2551 (2015).  Although Richardson was not convicted under the Armed Career Criminal Act, he petitioned the Supreme Court for certiorari, arguing that *Johnson* nonetheless called part of his conviction into question.  Richardson contends that the residual clause of § 924(c) is unconstitutional because its definition of the term, crime of violence, is similar to the language at issue in *Johnson*.  The Court granted Richardson's petition, vacated our judgment, and remanded the matter to this court.  In turn, we vacated Richardson's sentence and remanded the case to the district court to determine whether Richardson's original sentence should stand given *Johnson*.

Without determining whether § 924(c)'s residual clause is unconstitutionally vague, we affirm Richardson's conviction under § 924(c)'s force clause, which supplies a separate definition of crime of violence.  We also conclude that our remand limited the district court's inquiry to *Johnson*-related issues and that the district court properly refrained from considering Richardson's other arguments about alleged deficiencies in the indictment and the trial court's jury instructions—arguments that he could have raised in his first appeal but did not.  Finally, we hold that Richardson's sentence is procedurally and substantively reasonable.

For the reasons stated below, we AFFIRM the district court's decision to reinstate Richardson's original sentence.

## I.

Frank Richardson participated in a series of armed robberies of electronics stores in and around Detroit, Michigan, between February and May 2010.  At least one robber used a gun during each robbery.  Although Richardson planned each heist and served as a lookout, he never entered a store while a robbery occurred.  *United States v. Richardson*, 793 F.3d 612, 618 (6th Cir. 2015).  Law enforcement apprehended Richardson shortly after the commission of the fifth and final robbery.  *Id.* at 620.

In June 2013, a jury convicted Richardson on five counts of aiding and abetting Hobbs Act robbery, 18 U.S.C. § 1951, five counts of aiding and abetting the use of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c), and one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g).  The district court sentenced Richardson to 1,494 months in prison, and we affirmed Richardson's conviction and sentence on appeal.  *Richardson*, 793 F.3d at 612.

While Richardson's appeal was pending, the Supreme Court decided *Johnson*.  That decision held that the definition of the term, violent felony, in the Armed Career Criminal Act's residual clause, is unconstitutionally vague.  *Johnson*, 135 S. Ct. at 2563.  Richardson then petitioned the Court for a writ of certiorari.  The Court granted that petition, vacated our judgment, and remanded the case "for further consideration in light of *Johnson v. United States*."  *Richardson v. United States*, 136 S. Ct. 1157 (2016).  In turn, we issued an order vacating Richardson's sentence and remanding the case to the district court "for reconsideration of Richardson's sentence in light of *Johnson v. United States*."  *United States v. Richardson*, Nos. 13-2655, 13-2656, slip op. at 2 (6th Cir. Aug. 29, 2016).

In September 2017, the district court held a resentencing hearing and reinstated Richardson's original sentence.  Richardson appeals that decision.

## II.

### A.

To start, we must interpret our order, which remanded the case to the district court for reconsideration of Richardson's sentence after *Johnson*.  We interpret a remand de novo.  *United States v. Moore*, 131 F.3d 595, 598 (6th Cir. 1997).  Under our mandate rule, the scope of the remand issued by the court of appeals binds the district court.  *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999).  And a district court is "without jurisdiction to modify or change the mandate."  *Tapco Prod. Co. v. Van Mark Prod. Corp.*, 466 F.2d 109, 110 (6th Cir. 1972).

Remands can be limited or general.  A limited remand "explicitly outline[s] the issues to be addressed by the district court and create[s] a narrow framework within which the district court must operate." *Campbell*, 168 F.3d at 265.  A general remand "permits the district court to redo the entire sentencing process, including considering new evidence and issues." *United States v. McFalls*, 675 F.3d 599, 604 (6th Cir. 2012).  Richardson contends that we issued a general remand, which would allow us to consider his allegations of error from the original trial as well as his *Johnson*-related arguments.  The government, by contrast, asserts that our remand was limited and thus precludes the court from considering any issue unrelated to *Johnson* and its effect on Richardson's sentence.

A remand is presumptively general.  *United States v. Woodside*, 895 F.3d 894, 899 (6th Cir. 2018).  To overcome that presumption, we must "convey clearly our intent to limit the scope of the district court's review with language that is in effect, unmistakable." *Id.* (internal alterations, citations, and quotations omitted).  A court need not use magic words to create a limited remand, nor must it include limiting language in the relevant order.  Rather, language narrowing the scope of the remand "may be found 'anywhere in an opinion or order, including a designated paragraph or section, or certain key identifiable language.'" *Id.* at 900 (quoting *United States v. Orlando*, 363 F.3d 596, 601 (6th Cir. 2004)).  In addition to the limiting language itself, the context of that language is also important.  Indeed, we have repeatedly held that a court must also rely on the broader context of the opinion to determine whether the remand is limited.  *See, e.g.*, *United States v. Patterson*, 878 F.3d 215, 217 (6th Cir. 2017) (explaining that the court must look to the "broader context of the opinion" when interpreting the remand); *Campbell*, 168 F.3d at 267–68 ("The key is to consider the specific language used in the context of the entire opinion or order.").

Our order's plain language shows that we remanded the matter for the limited purpose of determining whether Richardson's sentence is constitutional after *Johnson*.  The order's penultimate sentence explains the basis for the remand: "Because any *Johnson*-based challenges to his sentence that Richardson may have are entirely novel, it is appropriate to allow the district court to consider *those challenges* in the first instance." *Richardson*, slip op. at 2 (emphasis added).  The order concludes, "Richardson's sentence is hereby VACATED, and we REMAND

to the district court for reconsideration of Richardson's sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015)." *Id.* The order does not open the door to *any* argument about Richardson's sentence. Rather, it narrows the district court's review to *Johnson*-related arguments that Richardson necessarily could not have raised at trial or on his first appeal to this court.

And the context bolsters the conclusion that we issued a limited remand. The order acknowledges that Richardson raised several issues on his first appeal, stating, "we issued an opinion and judgment rejecting those arguments and affirming Richardson's conviction and sentence in full." *Richardson*, slip op. at 1. The only intervening event between our 2015 decision affirming Richardson's conviction and sentence and our 2016 order was the Supreme Court's decision in *Johnson*. But *Johnson* does not affect any of the alleged errors related to Richardson's indictment and the trial court's jury instructions. Thus, the order does not identify any of Richardson's other alleged errors as issues for consideration on remand.

Because this court's order operated as a limited remand, it narrowed the district court's focus to determining whether Richardson's sentence is constitutional after *Johnson*. The order foreclosed the district court from considering any other issue.

**B.**

Richardson advances three arguments related to his conviction and sentence under § 924(c) that are unrelated to the Supreme Court's decision in *Johnson*. He argues that the trial court (1) erred in instructing the jury on the necessary elements to convict under § 924(c); (2) erroneously instructed the jury about the necessary predicate offenses underlying the § 924(c) counts; and (3) added two years to his sentence under § 924(c) for having "brandished" a firearm, even though he was charged with the lesser "use-and-carry" offense. These errors are not properly before this court.

First, as noted above, our order limited the district court's inquiry to determining whether § 924(c) is constitutional under *Johnson*. When we issue a limited remand, the district court is "bound to the scope of [that] remand." *Campbell*, 168 F.3d at 265. Indeed, a district court "is without authority to expand its inquiry beyond the matters forming the basis of the appellate

court's remand." *Id.* Because Richardson's allegations of error fall outside the scope of our limited remand, the district court appropriately declined to consider those arguments.

Richardson faces a second insurmountable hurdle wholly apart from the scope of the remand: he forfeited those arguments by not raising them on his first appeal to this court. We recently addressed a similar situation in *Patterson,* in which the defendant appealed his criminal conviction to this court. 878 F.3d at 217. The government subsequently cross-appealed, alleging that the district court erred by not treating the defendant's prior state court convictions as crimes of violence under the Armed Career Criminal Act. *Id.* We affirmed the conviction but issued a limited remand ordering the district court to resentence the defendant under the Armed Career Criminal Act. *Id.* But on remand, the defendant sought to relitigate his classification as an armed career criminal and raised new arguments that he never presented on his first appeal. *Id.*

The district court declined to consider those arguments, and we affirmed that decision. We held first, like here, that the remand was limited. But we also noted that the defendant "face[d] another problem, separate and apart from the scope of our remand." *Id.* at 218. The defendant failed to raise those arguments on his first appeal. We explained: "'where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the mandate rule generally prohibits the district court from reopening the issue on remand.'" *Id.* (quoting *United States v. O'Dell*, 320 F.3d 674, 679 (6th Cir. 2003)). Because the defendant never appealed the issue on his first trip to the Sixth Circuit, his argument was "doubly out of bounds . . . and that reality by itself resolves this appeal." *Id.* (internal quotations and citation omitted).

As a last resort, Richardson asks this court to consider his arguments under the guise of an ineffective assistance of counsel claim. But again, because Richardson's ineffective assistance of counsel argument falls outside the scope of our limited remand, he cannot raise the argument on this appeal. *See United States v. Knight*, 50 F. App'x 565, 566 n.1 (3d Cir. 2002) (explaining that the defendant's ineffective assistance of counsel argument was an attempt "to 'load up' this remand with issues that are totally outside of the parameters set forth in the remand order").

In addition, courts almost always address ineffective assistance of counsel arguments when the defendant brings a post-conviction motion to vacate under 28 U.S.C. § 2255, rather than on direct appeal. *United States v. Franklin*, 415 F.3d 537, 555 (6th Cir. 2005). There is good reason to adhere to that practice here: we need a sufficiently developed record to review Richardson's ineffective assistance of counsel claim. *Id.* Indeed, a finding of prejudice "is a prerequisite to a claim for ineffective assistance of counsel, and appellate courts are not equipped to resolve factual issues." *United States v. Brown*, 332 F.3d 363, 368–69 (6th Cir. 2003). Without a record, it is difficult for this court to determine whether Richardson's trial counsel was, in fact, ineffective. *United States v. Bradley*, 400 F.3d 459, 462 (6th Cir. 2005). For these reasons, we decline to reach Richardson's alleged errors through his ineffective assistance of counsel claim.

## C.

Next, we consider the central issue properly before this court: whether the Supreme Court's decision in *Johnson* has any effect on Richardson's sentence. The Armed Career Criminal Act—the statute at issue in *Johnson*—creates no distinct criminal offense. Rather, the Act imposes a more severe sentence on a defendant convicted of being a felon in possession of a firearm—but only if the defendant has three or more prior convictions for a violent felony. 18 U.S.C. § 924(e)(1). The Act provides several definitions of the term, violent felony, including a catchall definition within the residual clause at § 924(e)(2)(B). Any crime punishable by imprisonment for a term exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another" is a violent felony under the residual clause. 18 U.S.C. § 924(e)(2)(B)(ii). In *Johnson*, the Supreme Court held that this residual clause was unconstitutionally vague. 135 S. Ct. at 2563.

Richardson, however, did not receive a sentence enhancement under the Armed Career Criminal Act and does not challenge his conviction on one count of being a felon in possession of a firearm. Instead, his appeal concerns his conviction under § 924(c). That statute creates a *separate offense* for using or possessing a firearm in connection with a crime of violence. *See Dean v. United States*, 137 S. Ct. 1170, 1174 (2017) ("Congress has made it a separate offense to use or possess a firearm in connection with a violent or drug trafficking crime."). Like the

Armed Career Criminal Act, § 924(c) includes a residual clause defining the term, crime of violence. The residual clause covers any crime punishable by imprisonment for a term of more than one year that "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). Although Richardson acknowledges that the residual clause in § 924(c) is not identical to the residual clause in the Armed Career Criminal Act, he argues that the differences between those two clauses are minor and that the Supreme Court's reasoning in *Johnson* applies to § 924(c).

After the Supreme Court decided *Johnson*, this court rejected the argument that § 924(c)'s residual clause is unconstitutionally vague. In *United States v. Taylor*, we held that § 924(c)'s residual clause "is considerably narrower than the statute invalidated by the Court in *Johnson* . . . ." 814 F.3d 340, 375 (6th Cir. 2016). That published—and thus binding—decision forecloses Richardson's argument that the residual clause is unconstitutional. But more recent decisions from this court and the Supreme Court, however, suggest that *Taylor* stands on uncertain ground.

In *Shuti v. Lynch*, we held that the Immigration and Nationality Act's definition of the term, crime of violence, is unconstitutionally vague. 828 F.3d 440 (6th Cir. 2016). That definition, codified at 18 U.S.C. § 16(b), is identical to the definition of crime of violence in § 924(c)'s residual clause, which we upheld in *Taylor*. Nevertheless, we distinguished the two definitions and held that our decision in *Shuti* was consistent with *Taylor*. As we explained, "§ 924(c) is a criminal offense that requires an ultimate determination of guilt beyond a reasonable doubt—by a jury, in the same proceeding. This makes all the difference." *Id.* at 449. More recently, the Supreme Court, consistent with *Shuti*, concluded that § 16(b) was unconstitutionally vague, stating that "just like ACCA's residual clause, § 16(b) 'produces more unpredictability and arbitrariness than the Due Process Clause tolerates.'" *Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018) (quoting *Johnson*, 135 S. Ct. at 2558).

Richardson contends that *Dimaya* questions the distinction that *Shuti* drew between § 924(c) and § 16(b). Indeed, the Supreme Court stated that § 16(b) is a criminal statute and thus declined to apply a "more permissive form of the void-for-vagueness doctrine" that is normally applied to non-criminal statutes. *Id.* at 1213. And the Court stated that § 16(b)'s residual clause

could survive only if "it is materially clearer than its now-invalidated ACCA counterpart." *Id.* Thus, Richardson argues that *Dimaya* compels this court to hold that § 924(c)'s residual clause is also unconstitutionally vague. At least three circuit courts have already come to that conclusion. *United States v. Salas*, 889 F.3d 681, 686 (10th Cir. 2018); *United States v. Davis*, __F.3d __, 2018 WL 4268432, at *3 (5th Cir. Sept. 7, 2018); *United States v. Eshetu*, 898 F.3d 36, 37–38 (D.C. Cir. 2018). *But see United States v. Barrett*, __ F.3d __, 2018 WL 4288566, at *9–14 (2d Cir. Sept. 10, 2018).

Nevertheless, we leave the continuing viability of *Taylor* to another day. In addition to the residual clause, § 924(c) supplies a separate definition of the term, crime of violence, in the force clause. 18 U.S.C. § 924(c)(3)(A). The force clause defines a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* Any offense that constitutes a crime of violence under either the residual clause *or* the force clause is sufficient to sustain a conviction under § 924(c). 18 U.S.C. § 924(c)(1)(A), (c)(3).

Here, the government argues that Richardson's conduct satisfies the force clause. Richardson, by contrast, contends that aiding and abetting Hobbs Act robbery does not satisfy the force clause, meaning that his conviction is sustainable only under the residual clause. Although we have not addressed whether aiding and abetting Hobbs Act robbery is a crime of violence under the force clause, we have held that the principal offense of Hobbs Act robbery is a crime of violence under the force clause. *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017). In *Gooch*, we explained that the Hobbs Act is a divisible statute that creates two separate offenses, Hobbs Act extortion and Hobbs Act robbery. *Id.* at 292. And we concluded the latter offense is categorically a crime of violence under § 924(c). *Id.*

Although Richardson acknowledges our holding in *Gooch*, he argues that his conviction for *aiding and abetting* Hobbs Act robbery is distinct from a conviction for the principal offense and is not crime of violence under the force clause. We disagree. There is no distinction between aiding and abetting the commission of a crime and committing the principal offense. Aiding and abetting is simply an alternative theory of liability; it is "not a distinct substantive crime." *United States v. McGee*, 529 F.3d 691, 695–96 (6th Cir. 2008) (citation omitted). Thus,

under 18 U.S.C. § 2, an aider and abettor is punishable as a principal. *United States v. Davis*, 306 F.3d 398, 409 (6th Cir. 2002); *see also United States v. Maselli*, 534 F.2d 1197, 1200 (6th Cir. 1976) ("[O]ne who causes another to commit an unlawful act is as guilty of the substantive offense as the one who actually commits the act."). For purposes of sustaining a conviction under § 924(c), it makes no difference whether Richardson was an aider and abettor or a principal.

Moreover, the First, Tenth, and Eleventh Circuits have held that aiding and abetting Hobbs Act robbery is a crime of violence under § 924(c)(3)(A). *See United States v. Garcia-Ortiz*, __F.3d __, 2018 WL 4403947, at *1, 5 (1st Cir. Sept. 17, 2018); *United States v. Deiter*, 890 F.3d 1203, 1215–16 (10th Cir. 2018); *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016). In *Colon*, the court explained why aiding and abetting Hobbs Act robbery satisfies the force clause:

> Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all the elements of a principal Hobbs Act robbery. And because the substantive offense of Hobbs Act robbery "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," . . . then an aider and abettor of a Hobbs Act robbery necessarily commits a crime that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

*Colon*, 826 F.3d at 1305 (citation omitted).

We agree with the First, Tenth, and Eleventh Circuits and conclude that Richardson's conviction for aiding and abetting Hobbs Act robbery satisfies the force clause. Thus, we affirm his conviction under § 924(c).

**D.**

Richardson alleges that the district court's decision to reinstate his original sentence is both procedurally and substantively unreasonable. Richardson does not distinguish the court's alleged procedural errors from its substantive errors. Rather, he levies a general objection that the district court failed to articulate its reasoning for rejecting his arguments and reinstating his original sentence. Richardson also alleges specific errors with the sentence, including that the district court (1) overlooked his argument about the calculation of his base offense level and

criminal history scores; (2) ignored his post-sentencing conduct, which it was permitted to consider under *Pepper v. United States*, 562 U.S. 476 (2011); and (3) failed to consider reducing his sentence on the non-§ 924(c) counts to adjust for the mandatory consecutive sentences on the § 924(c) counts, as it was permitted to do under *Dean v. United States*, 137 S. Ct. 1170 (2017).

A sentence is procedurally reasonable when the district court "listened to each argument, considered the supporting evidence, was fully aware of the defendant's circumstances, and took them into account in sentencing him." *United States v. Vonner*, 516 F.3d 382, 387 (6th Cir. 2008) (en banc) (internal quotations omitted). And in the context of a resentencing, the record must reflect both "(1) that the district court considered a defendant's nonfrivolous argument for a particular sentence, and (2) why that argument was rejected." *United States v. Moore*, 654 F. App'x 705, 710–11 (6th Cir. 2016). That is not to say that the district court must state with particularity the grounds for rejecting each argument. A court's "consideration of the argument and its reasons for rejecting the same need not, however, always be explicit or specific; the record might be sufficient for us to extract this information implicitly and contextually." *Id.* at 711.

Here, the district court ultimately decided to reinstate Richardson's original sentence. The court did not issue a written decision on remand but explained at the hearing that it "has reviewed the very extensive briefs, which is persuasive in many ways, which both the government and the defendant has filed in support of their positions." (R. 86, Hr'g Tr. at PageID #364.) The court subsequently heard argument from Richardson's counsel and the government's counsel, the latter of which reminded the district court that the limited remand narrowed the court's inquiry to *Johnson*-related arguments. And then the court resentenced Richardson.

Richardson accuses the district court of failing to address his objections to his base offense level and criminal history scores, as calculated in his revised presentence report. The district court did not err by declining to consider these objections. First, our limited remand gave the court jurisdiction to consider one issue: whether Richardson's sentence was valid after *Johnson*. Our remand did not open the door to new arguments about sentencing issues

unrelated to *Johnson*.    Because Richardson's arguments about his base offense level and criminal history scores do not relate to *Johnson*, the district court properly declined to consider those arguments.

Separately, we note that the base offense level and criminal history scores in the presentence report before the district court at resentencing are identical to the scores from Richardson's October 2013 presentence report, which the district court used to impose the original sentence.    Richardson did not object to the calculation of his base offense level and criminal history scores in his October 2013 sentencing memorandum to the district court, nor did he raise the issue on his first appeal to this court.    Accordingly, Richardson has forfeited this argument.

Finally, Richardson alleges that the district court committed substantive error by failing to adhere to the Supreme Court's decisions in *Pepper* and *Dean*.    First, we consider Richardson's argument that the district court did not consider his post-sentencing rehabilitation, as it was allowed to do under *Pepper*.    Here again, our limited remand foreclosed the district court from considering non-*Johnson* issues, such as Richardson's post-sentencing conduct. Indeed, the Supreme Court in *Pepper* explained that it did not intend "to preclude courts of appeals from issuing limited remand orders, in appropriate cases, that may render evidence of postsentencing rehabilitation irrelevant in light of the narrow purposes of the remand proceeding."    *Pepper*, 562 U.S. at 505 n.17.    This court, accordingly, has held that *Pepper*-related arguments are appropriate only when the remand is general.    *See United States v. Williams*, 522 F. App'x 278, 279 (6th Cir. 2013) ("[*Pepper*] does not . . . empower a district court to exceed the scope of a limited remand."); *United States v. Gapinski*, 422 F. App'x 513, 520 (6th Cir. 2011) ("*Pepper* held that a general remand leaves the district court free to sentence de novo.").    Thus, the district court did not err in declining to consider Richardson's post-sentencing rehabilitation.

Next, we consider Richardson's argument that the district court failed to address his request for a reduced sentence for his non-924(c) convictions, as *Dean* permits.    This argument suffers from the same flaw as Richardson's *Pepper* argument: because we issued a limited remand, the district court could not consider issues unrelated to *Johnson*.    *Dean* concerns the

district court's discretion when sentencing a defendant convicted of § 924(c) and a predicate crime of violence. A conviction under § 924(c) carries a mandatory sentence, which runs consecutively to the sentence for the predicate crime of violence. *Dean*, 137 S. Ct. at 1174–75 (discussing 18 U.S.C. § 924(c)(1)(D)(ii)). In *Dean*, the Supreme Court held that the court may consider the length of the defendant's mandatory sentence under § 924(c) when calculating the proper sentence *for the predicate offense*. *Id.* at 1176–77. But *Dean* does not allow the court to modify a defendant's sentence under § 924(c) and therefore does not apply here. Our limited remand did not open the door to new arguments about Richardson's sentence for his Hobbs Act robbery and felon-in-possession convictions. Thus, the district court did not err by not considering Richardson's argument under *Dean*.

## E.

Lastly, we reject Richardson's final argument that the district court deprived him of his right to allocute fully at the post-remand sentencing hearing. We review an allegation of the complete denial of a right to allocute de novo. *United States v. Wolfe*, 71 F.3d 611, 614 (6th Cir. 1995). But when the appellant alleges a limitation on his right to allocute, as Richardson has done here, we review for plain error. *United States v. Carter*, 355 F.3d 920, 926 n.3 (6th Cir. 2004).

At the close of the sentencing hearing, the district court allowed Richardson to speak from the podium and address the court. Richardson immediately contested the underlying merits of his conviction:

> The government attorney said the sentence that was imposed the first time was appropriate. Well, you got a guy fixin' to get out next year who went in and committed these robberies. I didn't commit one robbery. No witness, no civilian witness identified me. Even my co-defendant said I never committed a robbery. They committed a robbery, but he fixin' to get out next year.

(R. 86, Hr'g Tr. at PageID #373.) At this point, the district court interrupted Richardson to explain that the jury had already determined his guilt, but it gave Richardson another opportunity to speak. Yet again, Richardson returned to the merits of his conviction, noting that "district courts have said that conspiracy to commit Hobbs Act robbery is not a crime of violence." (*Id.*)

The district court again interrupted Richardson and ended his allocution. Richardson's counsel raised no objections to this termination.

There is no constitutional right to allocution. *Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997). Instead, that right derives from Federal Rule of Criminal Procedure 32, which requires the court to "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence" before the court imposes the sentence. Fed. R. Crim. P. 32(i)(4)(A)(ii). But the district court is not obligated to allow the defendant to allocute when the court is resentencing the defendant under a limited remand. *United States v. Jeross*, 521 F.3d 562, 585 (6th Cir. 2008) ("Rule 32 requires allocution only before a court imposes the *original* sentence on a defendant, and does not require allocution at *resentencing*.")

Because the district court allowed Richardson to allocute when it did not have to, it did not err in ultimately terminating Richardson's allocution after he twice sought to contest the merits of his underlying conviction. Thus, we conclude that Richardson's sentence was procedurally and substantively sound.

**\*\*\***

We **AFFIRM** the district court's decision to reinstate Richardson's original 1,494-month sentence.