**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0202n.06

No. 18-3527

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Apr 23, 2019
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| RAPHAEL PERSON, JR., | ) | |
| | ) | **OPINION** |
| **Defendant-Appellant.** | ) | |
| | ) | |

Before:  MERRITT, MOORE, and WHITE, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.**  This is Raphael Person, Jr.'s second appeal of his sentence of 506 months' imprisonment for three counts related to Hobbs Act robbery and two counts of discharging a firearm during a crime of violence.  His first appeal resulted in a remand to the district court for further consideration in light of changed law.  The district court declined to alter Person's sentence.  Person argues now that the district court's resentencing was substantively unreasonable, but his argument misrepresents what the district court said at resentencing.  Therefore, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

In 2013, Raphael Person, Jr. was charged with two counts of Hobbs Act Robbery (18 U.S.C. § 1951(a)), one count of conspiracy to commit Hobbs Act violations (18 U.S.C. § 1951), and two counts of discharging a firearm during a crime of violence (18 U.S.C. § 924(c)).

*United States v. Person*, 714 F. App'x 547, 549 (6th Cir. 2017).[1]  A jury found him guilty of all counts.  *Id.*

At the initial sentencing, the district court imposed 86 months' imprisonment on the Hobbs Act counts.  *Id.* at 550.  The first § 924(c) count carried a mandatory minimum of 10 years' imprisonment and the second a mandatory minimum of 25 years, each to be served consecutively.  *Id.*  This resulted in a total sentence of 506 months' imprisonment.  Two features of this first sentencing are relevant to the appeal before us now.

First, the district court chose to run Person's federal sentence consecutive to a state sentence Person was already serving.  R. 195 (Sept. 6, 2016 Sentencing Tr. at 33) (Page ID #1639).  In 2015, Person was convicted in the Franklin County Court of Common Pleas of murder, aggravated burglary, kidnapping, aggravated robbery, and impersonating a peace officer or private policeman.  *State v. Person*, No. 16AP-12, 2017 WL 1900476, at *6 (Ohio Ct. App. May 9, 2017).  Person received a sentence of 41 years to life imprisonment for these crimes, which stemmed from acts wholly distinct from those forming the basis of his federal convictions.  *Id.*  The district court explained its choice to impose Person's federal sentence consecutive to the state sentence by reference to the distinct nature of the crimes:

> These are completely separate federal offenses, no commonality involved in them. [Person] committed a murder and other related crimes in State court and received a sentence from the State court, and that is completely independent.

R. 195 (Sentencing Tr. at 33) (Page ID #1639).

---

[1]Our opinion disposing of Person's prior appeal describes the circumstances of his crimes, which are not relevant to this appeal.

The second pertinent feature of the original sentencing is that, at that time, *United States v. Franklin* was the law of the circuit. 499 F.3d 578 (6th Cir. 2007). *Franklin* said that a "sentencing court must determine an appropriate sentence for the underlying crimes"—in this case, Hobbs Act robbery—"without consideration of the [mandatory] § 924(c) sentence[s]." *Id.* at 586. The district court here followed the rule of *Franklin* and did not consider the mandatory 35 years of imprisonment Person faced for the § 924(c) violations when it sentenced Person to 86 months of imprisonment for the Hobbs Act robberies.

*Franklin* was effectively overruled by *Dean v. United States*, which said that "[n]othing in § 924(c) restricts the authority conferred on sentencing courts by [28 U.S.C.] § 3553(a) and the related provisions to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count." 137 S. Ct. 1170, 1176–77 (2017). Thus when Person first appealed his sentence on the grounds that the district court erred in applying a two-point sentencing enhancement for causing bodily injury, we rejected his assignment of error but nevertheless remanded the case to the district court "for resentencing in light of *Dean.*" *Person*, 714 F. App'x at 552–53.

At resentencing, the district court addressed *Dean* and reconsidered, but did not alter, the 506-month sentence. R. 222 (June 1, 2018 Resentencing Tr. at 15) (Page ID #1860). When considering whether the new sentence was to run consecutive to or concurrent with the state sentence, the district court explained its determination to re-impose the consecutive sentence with the following:

> I originally ordered that this sentence should run consecutive to the state sentence . . . . I don't believe the remand requires the Court to reconsider that determination; but even if it did, I have. [I]t would be my judgment that, as it was before, that the sentence in this federal case should be consecutive to the state court sentence; and the reasons are that, as I noted in the earlier sentencing hearing, that the state offense was a completely separate offense. There was no commonality between it and the Hobbs Act offenses, the federal offenses; and, further, the Court would note that enforcement of that state court sentence is really an unknown quantity.
>
> It could be reversed on appeal or collateral attack. Even if enforced, [Person] could be released earlier by the Ohio Parole Commission, so the Court wants to ensure that its sentence in this case is sufficient to accomplish all of the appropriate goals of sentencing in this case, and the Court is not inclined to take a chance on any speculation about the effect of the state court sentence.

*Id.* at 15–16 (Page ID #1860–61). Following this explanation, the district court asked whether counsel for either side saw "any legal impediments to the Court's sentence . . . [or] any objections that the Court has not already ruled upon." *Id.* at 17 (Page ID #1862). The defendant did not at that time question or object to the district court's reasoning for imposing a consecutive sentence.

This appeal followed.

## II. ANALYSIS

Person argues now that his sentence was substantively unreasonable because the district court gave an unreasonable amount of weight to the possibility that Person's state-court sentence might be vacated, reduced, or abbreviated by the state parole board. The government argues that this objection is unavailable to Person for procedural reasons; it also disagrees with Person as to the merits.

### A. Person's Argument Is Not Procedurally Barred

The government argues that two procedural hurdles prevent Person from bringing his substantive argument.

4

First, it argues that our remand of Person's case to the district court "for resentencing in light of *Dean*" was a limited remand, and therefore the district court had no power to reconsider whether Person's federal sentence was to run consecutive to or concurrent with the state sentence. *Person*, 714 F. App'x at 553. Person does not dispute the government's contention that our mandate was limited, and so we must accept it to be so for purposes of this opinion. That the mandate was limited does not, however, dispose of this issue entirely. Rather, it raises the question of what resentencing "in light of *Dean*" means.

"Limited remands explicitly outline the issues to be addressed by the district court and create a narrow framework within which the district court must operate." *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999). In this case, the "narrow framework" was that the district court reconsider Person's sentence in light of *Dean*. *Dean*, in turn, re-affirms a district court's ability to consider the aggregate sentence that will result from each sentencing decision it makes. *See Dean*, 137 S. Ct. at 1178 ("Nothing in [the requirements of § 924(c)] prevents a sentencing court from considering a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense."). Therefore, our remand ordered the district court to consider the impact of § 924(c) mandatory minimums on the Hobbs Act sentences and authorized the court to adjust the sentence if necessary.

It is logical, then, that our remand authorized the district court to reconsider the choice of a concurrent or consecutive sentence: the length of the federal sentence is an important factor in deciding whether a sentence ought to run consecutively or concurrently, and the ability to alter that factor might require adjustment to the subsequent decisions on which it bears. *See* U.S.S.G.

§ 5G1.3(d), cmt. n.4 (describing the goal of choosing a concurrent, partially concurrent, or consecutive sentence as "achiev[ing] a reasonable incremental punishment for the instant offense"). Whether to run a sentence consecutively or concurrently is downstream from the decision that was the basis of the remand, affected by it, and thus within the district court's power to reconsider. *See United States v. Richardson*, 906 F.3d 417, 423 (6th Cir. 2018) (noting that an issue was outside the scope of a limited remand because the issue for which the case was remanded "does not affect any of the alleged errors" asserted on appeal and because the defendant could have raised those arguments at trial or on his first appeal). Therefore, the government's first procedural argument fails.

So too its second. The government argues that Person abandoned the argument regarding consecutive sentences by not raising it in his initial appeal, but that is wrong. Person argues now that the district court committed an error when it speculated that his state-court sentence might somehow be overturned or reduced. He could not have made this argument in his initial appeal for the simple reason that this error stems from his resentencing. The district court did not mention during the first sentencing the possibility that Person's state-court sentence might be truncated; rather, its explanation was limited to the fact that Person's state and federal offenses were "completely separate." R. 195 (Sentencing Tr. at 33) (Page ID #1639). Person did not abandon this argument, and so this procedural barrier falls also.

## B. Person's Sentence Following Resentencing Was Substantively Reasonable

With all procedural obstacles now cleared, we reach Person's argument on the merits. A sentence is "substantively unreasonable when the district court selects a sentence arbitrarily,

6

bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Sexton*, 889 F.3d 262, 265 (6th Cir. 2018) (quoting *United States v. Robinson*, 813 F.3d 251, 264 (6th Cir. 2016)). The final enumerated error—overreliance on any one factor—is at issue in this case. We review the substantive reasonableness of a sentence for abuse of discretion. *Id.*

Person says that the district court committed an error when, at resentencing, it speculated that Person's state sentence might be "reversed on appeal or collateral attack" or that Person "could be released earlier by the Ohio Parole Commission." R. 222 (Resentencing Tr. at 16) (Page ID #1861). In fact, Person argues, the district court had it wrong: his sentence cannot be reversed on appeal or through collateral attack because the deadlines for both had expired before the resentencing, and the Parole Commission cannot consider his case until he serves 30 years of mandatory prison time. Thus, the weight the district court gave to the fact Person might be released early from his state-court sentence was unreasonable because that "fact" was false. This argument fails, however, for two reasons.

First, it is far from clear that the district court was wrong about the finality of Person's state-court sentence. As Person points out in his brief, he could seek a delayed appeal to the Supreme Court of Ohio or file a delayed application to reopen. Appellant Br. at 15 n.4. In addition, Person could seek federal habeas relief from his state sentence, or he could be pardoned. Although none of these outcomes may be likely, neither is any impossible, and so we cannot say the district court relied on a falsehood during sentencing. Were this the only problem with Person's argument, it would not be fatal—it could yet be argued that the district court put far too much weight on

remote possibilities. There is, however, a second and more fundamental flaw with Person's argument.

Person's argument fails because it misconstrues the district court's statements at resentencing. Yes, the district court mentioned possibilities of early release, but it did not rely exclusively on that when deciding to re-impose a consecutive federal sentence. Rather, it first reiterated the explanation that was given at the first sentencing for imposing a consecutive sentence: "[T]hat the state offense was a completely separate offense. There was no commonality between it and the Hobbs Act offenses, the federal offenses." R. 222 (Resentencing Tr. at 15–16) (Page ID #1860–61). This was the same, and lone, explanation given for a consecutive sentence at the first sentencing. Therefore, it stands to reason that the distinctiveness of the state and federal crimes was a sufficient justification for re-imposition of a consecutive sentence, and the speculation regarding the finality of the state-court sentence was an additional but ultimately unnecessary consideration. Because the district court had a separate and sufficient reason to re-impose a consecutive sentence, the sentence was substantively reasonable.

## III. CONCLUSION

For the reasons stated above, we **affirm** the district court's judgment.