RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 19a0267p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

CONTINENTAL CASUALTY COMPANY,

*Plaintiff-Appellant*,

*v.*

INDIAN HEAD INDUSTRIES, INC.,

*Defendant-Appellee*.

No. 18-2152

───────────────

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:05-cv-73918—Denise Page Hood, Chief District Judge.

Decided and Filed: October 23, 2019

Before: MOORE, McKEAGUE, and LARSEN, Circuit Judges.

───────────────

**COUNSEL**

───────────────

**ON BRIEF:** Eileen King Bower, CLYDE & CO US LLP, Chicago, Illinois, for Appellant. James E. Wynne, Daniel R.W. Rustmann, BUTZEL LONG, P.C., Detroit, Michigan, for Appellee.

───────────────

**OPINION**

───────────────

McKEAGUE, Circuit Judge. Continental Casualty Company filed the complaint in this case fourteen years ago. For over a decade, Continental has litigated over its rights and duties under a liability insurance policy with Indian Head Industries, Inc. Now, on this appeal, the issues have narrowed considerably. However, narrow as they are, the issues are still worth hundreds of thousands of dollars.

The previous appeal in this case affirmed a coverage allocation method, designed to calculate the extent of Continental's duty to cover defense and indemnity costs stemming from asbestos-related lawsuits filed against Indian Head. Continental now moves for damages based on that allocation method, drawing on an earlier declaratory judgment and requesting further relief under that judgment. The district court denied that motion, finding that the motion was untimely and that this court's remand from an earlier appeal deprived it of authority to hear a motion for further relief. Because we find that, despite the remand, the district court had the authority to hear Continental's properly filed motion for further relief, we REVERSE and REMAND.

## Background

This case has a lengthy history. Thankfully, we need not recount all of it here.

At issue in this case is Indian Head's production and sale of gaskets. In 1984, Indian Head acquired a gasket-manufacturing division from a Detroit company. It then purchased three consecutive liability insurance policies from Continental, providing coverage from April 1984 to April 1987. Indian Head then manufactured and sold the gaskets from 1984 until 1989.

Those gaskets contained asbestos. As is often the case with companies who make asbestos-containing products, Indian Head was eventually flooded with lawsuits—numbering in the tens of thousands. Indian Head submitted these claims to Continental, and for a while Continental defended and indemnified Indian Head on all the claims. But in 2005, Continental sought to avoid paying all of the defense costs, so it sued Indian Head to clarify its rights and obligations under the policy.

Years of litigation followed. The two biggest issues were: (1) how to define "bodily injury" under the policy, and (2) how to calculate the amount Continental had to pay for indemnity and defense costs under the policy. Eventually, through a combination of party stipulations and court rulings, these two issues were resolved, and the proper coverage allocation method was decided. The details of that dispute are not necessary to recount here, but they can be found in this court's opinion on the most recent appeal. *Cont'l Cas. Co. v. Indian Head Indus., Inc.*, 666 F. App'x 456 (6th Cir. 2016). This appeal, however, does not turn on the

coverage allocation method itself. Instead, it turns on what costs the allocation method will be applied to—specifically, whether it will be applied to costs incurred after December 31, 2012.

Crucial to that issue are the parties' cross-motions for summary judgment, filed in July 2013. The parties attached a "Joint Stipulation" to their motions. The stipulation grouped similar claims into "buckets" and stipulated the amount of defense and indemnity costs for all the claims. The parties wanted the court to rule on how those costs should be allocated between Continental and Indian Head. The stipulation only covered claims pending between October 12, 2005 and December 31, 2012. They stopped at December 31 for convenience, so that they would have time to review and verify the information contained in the Joint Stipulation. But they agreed that the court's rulings would be applied to cases filed since December 31, 2012.

On September 30, 2015, the district court granted summary judgment, adopting an allocation method for coverage under the policy. In addition, it found that "the same method and calculation must be applied . . . to actions filed after December 31, 2012." This court affirmed on all issues except one, an assumption-of-liabilities issue. The parties later settled that issue, so we need not describe it here. What is relevant, however, is the fact that before the settlement, this court remanded the case to the district court using the following language: "We REMAND to the district court for further consideration of the question of Continental's liabilities arising out of those claims that were based on the assumption of liabilities in the 1984 Agreement, but related to injuries that were ongoing thereafter, in accordance with this opinion." *Cont'l Cas.*, 666 F. App'x at 469.

After the appeal, Continental moved for further relief under 28 U.S.C. § 2202. Under § 2202, parties who have successfully obtained a declaratory judgment may move for "further necessary or proper relief" based on that judgment. *Id.* Continental's motion pointed to the district court's 2015 declaration that "the same method and calculation" was to be applied for "actions filed after December 31, 2012." Continental now wanted reimbursement for defense and indemnity costs paid for the "Interim Period," (December 31, 2012–September 30, 2015) between when the cross-motions for summary judgment were filed and when they were decided. The district court denied this motion, and Continental appealed.

**Standard of Review**

Normally, we would review a denial of relief under the Declaratory Judgment Act for abuse of discretion. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995); *Bench Billboard Co. v. City of Covington*, 547 F. App'x 695, 698 (6th Cir. 2013). However, when the denial of relief is based on a conclusion of law, we review de novo. *United Nat'l Ins. Co. v. SST Fitness Corp.*, 309 F.3d 914, 916 (6th Cir. 2002).

Here, the district court denied Continental's motion for further relief under the Declaratory Judgment Act, 28 U.S.C. § 2202, based on its own legal conclusions. First, it construed the motion as one to amend the judgment under Federal Rule of Civil Procedure 59(e) and held that the motion was untimely. Second, the district court held that this court's limited remand on the assumption-of-liabilities issue deprived it of authority to hear a motion on a different issue. Finally, it found that it had no authority to review the motion because it was "essentially for damages and not for further declaratory relief." Because each of these reasons for denial is based on a conclusion of law, we review de novo.

**I. Applicability of Rule 59(e)**

The district court construed Continental's § 2202 motion for further relief as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). We disagree and find that § 2202 is more applicable.

Under Rule 59(e), a party can move to "alter or amend a judgment" within 28 days of that judgment's entry. Fed. R. Civ. P. 59(e). The moving party may offer any of four reasons for the alteration or amendment: (1) there was "a clear error of law" in the judgment, (2) the movant has "newly discovered evidence," (3) there has been an "intervening change in controlling law," or (4) the alteration or amendment is needed "to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). A postjudgment motion will be construed under Rule 59(e) when it "involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) (quoting *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 451 (1982)).

On the other hand, a motion falls under § 2202 if it seeks "further necessary or proper relief based on a declaratory judgment." 28 U.S.C. § 2202. That further relief can include money damages, whether or not the moving party demanded or proved damages in the original declaratory action. *Fred Ahlert Music Corp. v. Warner/Chappell Music, Inc.*, 155 F.3d 17, 25 (2d Cir. 1998); *Travelers Prop. Cas. Co. v. R.L. Polk & Co.*, No. 06-12895, 2008 WL 3843512, at *4 (E.D. Mich. Aug. 13, 2008). *Travelers* is an instructive insurance case. There, the district court entered a declaratory judgment ruling that the liability insurer had a duty to defend a class action lawsuit. *Travelers*, 2008 WL 3843512, at *1. The insured company then filed a motion requesting that the insurer comply with the order and pay defense costs in that lawsuit. *See id.* at *1, *4. The district court held that this motion for costs properly fell under § 2202 as a motion for further relief. *Id.* *See also United Nat'l*, 309 F.3d at 916.

Here, Continental's motion should be construed as a § 2202 motion for further relief. The district court entered a declaratory judgment that the coverage allocation method would apply to post-2012 claims, and Continental moved for damages calculated using that allocation method. Like the movant in *Travelers*, Continental requests damages after having had its rights under the insurance contract determined. And unlike a Rule 59(e) motion, Continental's motion does not require the district court to "reconsider" any merits issues. *See Osterneck*, 489 U.S. at 176 (finding that a motion fell under Rule 59(e) because it involved "reexamin[ing] . . . matters encompassed within the merits of the underlying action"). The only merits determination in the earlier declaratory judgment was on the coverage allocation method, and Continental does not ask the court to alter that allocation method. Indeed, Continental's motion relies on the allocation method *not* being reconsidered. Therefore, Continental properly filed its motion under 28 U.S.C. § 2202.

Insisting that Rule 59(e) is the applicable rule, Indian Head relies on a case from the Northern District of New York for the proposition that damages accrued between when a motion for summary judgment is argued and when it is decided should be presented as "newly discovered evidence" under Rule 59(e). *Atl. States Legal Found. v. Karg Bros., Inc.*, 841 F. Supp. 51, 57 (N.D.N.Y. 1993). This reliance is misplaced. The issue in that case was whether the defendant was discharging copper and lead in excess of legal limits. *Id.* The original

judgment had declared this issue moot because the defendant was no longer discharging those metals. *Id.* On a Rule 59(e) motion to reconsider, the plaintiff introduced evidence that the defendant had discharged copper and lead again, after arguing the summary-judgment motion. *Id.* But that case did not even involve an earlier declaratory judgment. So even if *Atlantic States* established that new damages accruing between argument and rendering of a summary-judgment motion can fall under Rule 59(e), it does not establish that those damages fall under Rule 59(e) *to the exclusion of* § 2202 motions. Thus, this case does not save Indian Head's argument.

Because we find that this motion was properly brought under § 2202, we also find that Continental did not have to file within 28 days of judgment. Under § 2202, district courts can grant further relief well after the original judgment—as long as the motion is not barred by laches, a defense which Indian Head does not assert here. *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 221 (3d Cir. 1999). *See also Edward B. Marks Music Corp. v. Charles K. Harris Music Publ'g Co.*, 255 F.2d 518, 522–23 (2d Cir. 1958). We thus disagree with the district court that this motion is time-barred by Federal Rule of Civil Procedure 59(e).

## II. Limited Remand

After an earlier appeal in this litigation, we remanded to the district court "for further consideration of the question of Continental's liabilities arising out of those claims that were based on the assumption of liabilities in the 1984 Agreement, but related to injuries that were ongoing thereafter, in accordance with this opinion." *Cont'l Cas.*, 666 F. App'x at 469. The district court held that this remand deprived it of authority to grant a § 2202 motion for further relief. We disagree.

Remands can be general or limited. General remands direct district courts to address all the matters remaining in a case, in a way that is consistent with the appellate court's ruling. *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999). Limited remands direct district courts to address specific issues, creating "a narrow framework within which the district court must operate." *United States v. Richardson*, 906 F.3d 417, 422 (6th Cir. 2017) (quoting *Campbell*, 168 F.3d at 265).

Indian Head correctly points out that limited remands confine the district court's authority to examine issues. Under the "mandate rule," the "district court is bound to the scope of the remand issued by the court of appeals." *Campbell*, 168 F.3d at 265. "Traditionally, the mandate rule instructs that the district court is without authority to expand its inquiry beyond the matters forming the basis of the appellate court's remand." *Id.* The court cannot go beyond the scope of the remand and reexamine previously decided issues unless one of the narrow exceptions to the mandate rule applies. *See id.* at 265, 269.

But this rule does not mean that the district court cannot enforce its earlier declaratory judgments. Indian Head cites no authority holding that the mandate rule eliminates a district court's authority to grant further relief under the Declaratory Judgment Act, 28 U.S.C. § 2202. In fact, the district court can grant further relief even after a *completed* appeal. *See McNally v. Am. States Ins. Co.*, 339 F.2d 186, 187 (6th Cir. 1964) (per curiam). *See also Horn & Hardart Co. v. Nat'l Rail Passenger Corp.*, 843 F.2d 546, 548 (D.C. Cir. 1988) ("Neither a completed appeal, *see* [*McNally*], nor a considerable period of delay after the trial court ruling terminates this authority [to grant further relief under § 2202].") (second citation omitted). And on the issues relevant here, the appeal was effectively complete—this court *affirmed* the district court on the coverage allocation method and other issues relevant to the § 2202 motion. Therefore, despite the remand, the district court still had authority to hear the § 2202 motion.

### III. Res Judicata

The district court held that it had "no authority to review the request for further damages under § 2202" because "the relief requested is essentially for damages and not for further declaratory relief." Indian Head elaborates on this point and argues that Continental's motion is barred by res judicata. Indian Head claims that Continental could have brought this action for further relief only if the initial claim was one for solely declaratory relief. We disagree and hold that Continental is not barred by res judicata.

Res judicata comes from the Latin meaning "a thing adjudicated," and it refers to situations in which an earlier judgment can bind a later proceeding on one or more issues. *Black's Law Dictionary* (11th ed. 2019). Res judicata in fact covers two different doctrines:

claim preclusion and issue preclusion. *Id.* Claim preclusion prevents parties from re-raising claims or defenses that were or could have been raised in the prior action. *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003). Under the doctrine, a party will be precluded by an earlier judgment if (1) the judgment was a "final decision on the merits," (2) it involved the same parties (or parties who can be treated as legally the same), (3) the new claim or defense was litigated or "should have been litigated in the prior action," and (4) "an identity exists between the prior and present actions." *Id.* Issue preclusion prevents parties from relitigating particular issues, not just whole claims and defenses. It applies when "an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment." *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1303 (2015) (quoting *Restatement (Second) of Judgments* § 27 (1982)).

The traditional rules apply a little differently to declaratory judgments. Claim preclusion generally does not apply to declaratory judgments. *ASARCO, L.L.C. v. Mont. Res., Inc.*, 858 F.3d 949, 955 (5th Cir. 2017). Otherwise, declaratory judgments would lose their teeth. "The whole point of a declaratory judgment action is to decide only a single issue in dispute, one that is often preliminary as subsequent events will need to occur before a traditional lawsuit can be pursued." *Id.* For that reason, declaratory judgments are often prefaces to later actions for damages or an injunction. *Id.* Claim preclusion would make these later actions impossible. Applying ordinary claim preclusion to declaratory judgments would thus be in tension with § 2202, which contemplates these types of later, supplementary actions. *See* 28 U.S.C. § 2202; *Kasper Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 537 (5th Cir. 1978). Accordingly, courts have applied what is often called the "declaratory judgment exception" to claim preclusion. *See Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 600 F.3d 190, 196 (2d Cir. 2010).[1]

The rule is easy to apply when the earlier judgment was an action for only declaratory relief. But what happens when a party wants both declaratory and coercive relief? Indian Head

---

[1]At the same time, issue preclusion does still apply to declaratory judgments. *Restatement (Second) of Judgments* § 33 (1982). The reason is intuitive: a declaratory judgment declares parties' rights on particular issues, so those parties should be (and are) bound by the earlier judgment's resolution of those issues.

cites several cases in which courts refused to apply the declaratory-judgment exception because the earlier judgment was not one for "only" declaratory relief. *See, e.g.*, *Duane Reade*, 600 F.3d at 196; *Brannock Assocs., Inc. v. Capitol 801 Corp.*, 807 F. Supp. 127, 134 (D.D.C. 1992). From these cases, Indian Head tries to draw a categorical rule: the declaratory-judgment exception to claim preclusion applies only if the plaintiffs seek solely declaratory relief—nothing else—in their first request. Thus, plaintiffs can move for damages only *once*.

We disagree, for two reasons. First, cases in other circuits apply the declaratory-judgment exception even when the plaintiff also sought coercive relief in the first suit. For example, the Fifth Circuit held that a claim for money damages under § 2202 was not precluded even though the plaintiff sought both a declaratory judgment and injunctive relief in an earlier judgment. *United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 568–71 (5th Cir. 2005). *See also Gant v. Grand Lodge of Tex.*, 12 F.3d 998, 1002–04 (10th Cir. 1993). So it is not categorically true that if a plaintiff seeks both declaratory and coercive relief in the first suit, the declaratory-judgment exception to claim preclusion can *never* apply.

Second, there is a better, more nuanced way to read the cases Indian Head cites. Essentially, those cases want to prohibit parties from doing an end-run around claim-preclusion rules by adding a claim for declaratory relief to their otherwise-coercive action. To avoid this result, when a case involves both a request for declaratory relief and one for coercive relief, simply ignore the request for declaratory relief. Look at the claims for coercive relief in the earlier judgment; if those alone would preclude the later action, then it is precluded. If not, then no preclusion. As the Fifth Circuit put it, "when it comes to claim preclusion, a request for declaratory relief neither giveth nor taketh away." *ASARCO*, 858 F.3d at 956. It neither adds any preclusive effect of its own nor detracts from the preclusive effect of the coercive parts of the judgment.

*ASARCO* illustrates how this works. There, the plaintiff had brought an earlier suit in bankruptcy court, requesting (1) a declaration that it had certain rights under one provision of the contract, and (2) damages for breach of a different provision of that contract. *Id.* at 953. Both those claims were dismissed. *Id.* Later, after emerging from bankruptcy, the plaintiff again sued the defendant for breach of contract—this time under the provision for which the plaintiff had

sought a declaratory judgment in the earlier proceeding. *Id.* at 953–54. The Fifth Circuit had to decide the preclusive effect of the bankruptcy action on this later breach-of-contract action. *Id.* at 954.

The court determined that the action for declaratory relief was not preclusive, but the action for damages could be. *Id.* at 955–57. The court examined cases applying the declaratory-judgment exception to claim preclusion, and it determined that the request for a declaration of contract rights could not preclude the parties in a later case from seeking additional relief in the form of damages or an injunction. *Id.* at 955–56. But the earlier breach-of-contract claim could have precluded the later one. *Id.* at 956–57. The case was allowed to go forward, not because the declaratory-judgment exception applied to all the claims, but only because the two breach-of-contract claims involved different incidents and provisions in the contract, and thus they were not the same claim for preclusion purposes. *Id.* In other words, the Fifth Circuit examined the preclusive effect of the earlier judgment as if the request for declaratory relief did not exist.

Here, Continental initially requested monetary relief for claims pending between October 12, 2005 and December 31, 2012. But for claims filed after 2012, Continental requested only a declaratory judgment mandating that the same coverage-calculation method be applied. And the district court found for Continental on that issue: "[I]n cases filed after December 31, 2012 . . . the same method and calculations must be used as set forth in [the calculation method] noted above." Because of the declaratory-judgment exception, the earlier declaratory judgment does not preclude Continental's motion. So the question is whether the claim for monetary relief (the October 2005 to December 2012 claim), standing alone, precludes Continental's later motion for further relief on post-2012 coverage.

We hold that Continental is not precluded. Continental sought monetary relief only for October 2005–December 2012 coverage, and it did not need to supplement this request for relief with post-2012 claims. Generally, a party has no duty to supplement its complaint. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 530 (6th Cir. 2006). That means if a plaintiff sues a defendant, and then after the filing of the first complaint the defendant engages in additional, similar wrongdoing, that plaintiff will not be barred from bringing another, later lawsuit against the same defendant for the post-filing wrongdoing. *Id.* The same reasoning holds true here.

Continental moved for summary judgment in July 2013 and sought only that monetary relief currently available to it, reimbursement for costs incurred on cases pending from October 2005 through the end of 2012. If we were to hold that this motion precluded Continental from all costs in the Interim Period (January 2013–September 2015), then we would effectively be imposing on Continental a duty to supplement its motion with every cost incurred between the filing of its motion and the entry of summary judgment. That would both conflict with precedent and put an unreasonable burden on litigants like Continental, so we do not impose such a duty here. *Cf. Allegheny Int'l, Inc. v. Allegheny Ludlum Steel Corp.*, 40 F.3d 1416, 1430 (3d Cir. 1994).

## IV.

For those reasons, we REVERSE the judgment of the district court. We decline to consider for the first time on appeal the further factual questions necessary to resolve the motion, including whether Continental properly calculated damages using the coverage allocation method. Such factual questions are better reserved for the district court. Accordingly, we REMAND for consideration of the coverage allocation method's application to Continental's motion to recoup payments made between December 31, 2012 and September 30, 2015.