**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4035

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KENTRELL DONTA BRAYBOY,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (5:15-cr-00262-F-1)

Submitted: December 19, 2019                Decided: January 9, 2020

Before MOTZ, KEENAN, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dhamian Blue, BLUE LLP, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kentrell Donta Brayboy appeals following his guilty plea to three counts of aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951 (2018); discharging a firearm in furtherance of a crime of violence (aiding and abetting Hobbs Act Robbery), in violation of 18 U.S.C. §§ 2, 924(c) (2018); and two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951. On appeal, Brayboy contends that aiding and abetting Hobbs Act robbery is not a crime of violence under § 924(c). We affirm.

We normally "review de novo the question whether an offense qualifies as a crime of violence." *United States v. Mathis*, 932 F.3d 242, 263 (4th Cir. 2019), *cert. denied*, No. 19-6423, 2019 WL 6689801 (U.S. Dec. 9, 2019), *and cert. denied*, No. 19-6424, 2019 WL 6689802 (U.S. Dec. 9, 2019). Brayboy, however, never argued in the district court that aiding and abetting Hobbs Act robbery does not qualify as a crime of violence. "To preserve an argument on appeal, the defendant must object on the same basis below as he contends is error on appeal." *United States v. Westbrooks*, 780 F.3d 593, 595 (4th Cir. 2015) (internal quotation marks omitted). Therefore, we review Brayboy's argument for plain error. To prevail under the plain error standard, Brayboy "must show (1) an error that (2) was clear or obvious, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Walker*, 934 F.3d 375, 378 (4th Cir. 2019) (alteration and internal quotation marks omitted).

A crime of violence for § 924(c) purposes is defined as:

an offense that is a felony and . . . (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "force clause")], or (B) that[,] by its nature, involves a substantial risk

2

that physical force against the person or property of another may be used in the course of committing the offense [(the "residual clause")].

18 U.S.C. § 924(c)(3). We have held that the residual clause is unconstitutionally vague. *United States v. Simms*, 914 F.3d 229, 237 (4th Cir.) (en banc), *cert. denied*, 140 S. Ct. 304 (2019); *accord United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). We have also held that Hobbs Act robbery qualifies as a crime of violence under the force clause. *Mathis*, 932 F.3d at 266. While we did not address aiding and abetting liability in *Mathis*, every circuit to have considered Brayboy's argument has rejected it. *See United States v. McKelvey*, 773 F. App'x 74, 75 (3d Cir. 2019); *United States v. Grissom*, 760 F. App'x 448, 454 (7th Cir. 2019); *United States v. Richardson*, 906 F.3d 417, 426 (6th Cir. 2018), *vacated on other grounds*, 139 S. Ct. 2713 (2019); *United States v. García-Ortiz*, 904 F.3d 102, 104-05, 109 (1st Cir. 2018), *cert. denied*, 139 S. Ct. 1208 (2019); *United States v. Deiter*, 890 F.3d 1203, 1215-16 (10th Cir.), *cert. denied*, 139 S. Ct. 647 (2018); *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016). Accordingly, Brayboy cannot demonstrate plain error. *See United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) ("At a minimum, courts of appeals cannot correct an error pursuant to plain error review unless the error is clear under current law." (alterations and internal quotation marks omitted)); *United States v. Rouse*, 362 F.3d 256, 263 (4th Cir. 2004) (recognizing, in absence of Supreme Court or Fourth Circuit authority, "decisions by other circuit courts of appeals are pertinent to the question of whether an error is plain" (internal quotation marks omitted)).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*